United States District Court
Southern District of Texas
**ENTERED**
April 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THOMAS EARL MARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISC. ACTION NO. 7:08-MC-02 |
| | § | |
| C. GUTIERREZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Thomas Earl Mard, a state prisoner proceeding pro se, initiated this action by filing a motion for a preliminary injunction.  (Docket No. 1.)  Pending before the Court is Plaintiff's "Motion for Voluntary Dismissal."  (Docket No. 4.)  As discussed below, because Plaintiff promptly requested voluntary dismissal prior to any appearance by the Defendants, the undersigned recommends that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(a).

Plaintiff alleges in his motion for a preliminary injunction that Defendants were subjecting him to "racial harassment and racial discrimination" in violation of his constitutional rights.  Specifically, Plaintiff sought injunctive relief from being forced to shave, claiming that he is exempt from shaving for medical reasons and also that the denial of his shaving exemption amounts to racial discrimination.  (Docket No. 1, at 1-2.)

The undersigned previously entered an Order informing Plaintiff that because his claim "challenges the conditions of his confinement," it would be "appropriately brought as a civil rights action pursuant to 42 U.S.C. § 1983."  (Docket No. 3, at 1.)  Plaintiff was also informed that "every person who wishes to file a lawsuit in federal court must either pay the required filing fee or be found to qualify to proceed in forma pauperis."  (*Id.*)  In addition, under the Prison

Litigation Reform Act, he would still be required to pay the full filing fee in installments when the funds were available.  (*Id.* at 2-3 (citing 28 U.S.C. § 1915(b)(1).)

The Order informed Plaintiff how he could avoid paying the filing fee:

> If you do not wish to pay the filing fee in this case you may seek voluntary dismissal of this action by executing and filing with the Clerk the attached "Motion for Voluntary Dismissal" within thirty (30) days of the date of this Order.

(*Id.* at 3 (emphasis in original).)  Plaintiff responded by filing the pending "Motion for Voluntary Dismissal," in which he states that he wishes to dismiss this action because he "is no longer at said Unit being put under harsh punishment."  (Docket No. 4.)  Plaintiff also states that he does not want to pay the filing fee because he "only ha[s] about three more months before he leave[s] prison."  (*Id.*)

Rule 41(a) provides that "the plaintiff may dismiss an action without a court order by filing[] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[1]  FED. R. CIV. P. 41(a)(1)(A)(i).  Here, the Defendants have not yet been served with process and thus have made no appearance in this case.  Plaintiff's request for voluntary dismissal is appropriate since the Defendants will not be prejudiced by the dismissal.  *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976); *see also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (3d ed. 2008) ("The purpose of Federal Rule 41(a) is to permit the plaintiff voluntarily to dismiss the action when no other party will be prejudiced.").  This miscellaneous action should be dismissed since Plaintiff complied with the Court's instructions on how to avoid paying the filing fee by filing his request for voluntary dismissal.

---

[1] Rule 41(a) also provides that "unless the notice or stipulation states otherwise, the dismissal is without prejudice."  FED. R. CIV. P. 41(a)(1)(B).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Motion for Voluntary Dismissal" (Docket No. 4) be **GRANTED** and that this miscellaneous action be **DISMISSED** without prejudice.

## NOTICE TO THE PARTIES

The Clerk shall send a copy of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on April 19, 2016.

Peter E. Ormsby
United States Magistrate Judge